UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR20-0109JLR |
| Plaintiff, | ORDER |
| v. | |
| CHRISTOPHER TOLLIVER, | |
| Defendant. | |

Before the court is Defendant Christopher Tolliver's motion to correct the sentence the court imposed in this case or amend the judgment. (Mot. (Dkt. # 51); *see also* Reply (Dkt. # 54).) Plaintiff the United States of America ("the Government") opposes Mr. Tolliver's motion. (Resp. (Dkt. # 52).) The court has considered the motion, all documents filed in support of the motion, the relevant portions of the record, and the governing law. Being fully advised, the court GRANTS Mr. Tolliver's motion.

On April 7, 2020, Mr. Tolliver was arrested by Seattle Police Department officers and detained in state custody on a charge of Violation of the Uniform Controlled

ORDER - 1

Substances Act ("VUCSA").  (*See* Compl. (Dkt. # 1) ¶¶ 7-14; *see also* Mot. Ex. 4 (Judgment and Sentence, *State of Washington v. Tolliver*, No. 19-00734-1 KNT (King Cnty. Super.  July 8, 2020) ("Original State Judgment").)  On April 16, 2020, the Government filed a federal criminal complaint charging Mr. Tolliver with being a felon in possession of a firearm during the incident for which he was arrested on April 7.  (*See generally* Compl.)  On July 8, 2020, the King County Superior Court sentenced Mr. Tolliver to 60 months of imprisonment on the VUCSA charge, to run concurrently with his federal criminal case.  (*See* Original State Judgment at 4.)

On July 10, 2020, Mr. Tolliver made his initial appearance in this court pursuant to a writ of habeas corpus *ad prosequendum*.  (7/10/20 Min. Entry (Dkt. # 9); *see also* Writ (Dkt. # 6).)  The court ordered Mr. Tolliver detained on the felon in possession charge and Mr. Tolliver was transferred to federal custody that same day.  (*See* 7/10/20 Min. Entry; *see also* Detention Order (Dkt. # 10).)

Mr. Tolliver pleaded guilty to the federal felon in possession charge on January 20, 2021.  (1/20/21 Min. Entry (Dkt. # 32).)  On May 3, 2021, the court sentenced him to a term of 37 months in custody, to run concurrently with the sentence imposed in King County Superior Court.  (5/3/21 Min. Entry (Dkt. # 45); Judgment (Dkt. # 46).)

On May 5, 2021, the King County Superior Court reduced Mr. Tolliver's sentence from 60 months to 20 months pursuant to the Washington State Supreme Court's decision in *State v. Blake*, 481 P.3d 521 (Wash. 2021).[1]  (Mot. Ex. 3 at 1-3 (Mot. and

---

[1] In *Blake*, the Washington Supreme Court held that Washington's strict liability drug possession statute criminalized unintentional, unknowing possession of controlled substances in

1  Order to Amend Judgment and Sentence Pursuant to *Blake*, *State of Washington v.
2  Tolliver*, No. 19-00734-1 KNT (King Cnty. Super.  May 5, 2020) ("Amended State
3  Judgment")).)

4       After Mr. Tolliver arrived at FCI Victorville to serve his federal sentence, the
5  Bureau of Prisons ("BOP") advised him that his federal sentence would run from May 3,
6  2021—the date on which the court imposed its sentence on the felon in possession
7  charge—rather than from July 10, 2020, when he first entered federal custody.  (*See* Mot.
8  at 2.)  Mr. Tolliver asked the BOP to apply the time he spent in federal custody before his
9  sentencing to his federal sentence.  (*Id.* at 3.)  The BOP denied the request.  (*Id.*; *see* Mot.
10  Ex. 1 ("BOP Response").[2])

11       Mr. Tolliver now asks the court to amend its judgment to clarify that he should be
12  given credit for the approximately nine months he served in federal custody between July
13  10, 2020, and his sentencing on May 3, 2021.  (*See generally* Mot.)  The Government
14  opposes the request, arguing that Mr. Tolliver "is impermissibly seeking double credit
15  (federal and state credit) for the presentence time-served in federal custody pursuant to
16  the writ" of habeas corpus *ad prosequendum*.  (Resp. at 1-2.)  It further contends that Mr.
17  Tolliver's request is time-barred under Federal Rule of Criminal Procedure 35(a), which

---

violation of the state and federal due process clauses and was therefore unconstitutional.  *Id.* at 534.  Accordingly, the King County Superior Court vacated several of the underlying convictions upon which Mr. Tolliver's original 60-month sentence was based and resentenced him.  (*See generally* Mot. Ex. 4.)

[2] The BOP Response appears to address only the 92 days Mr. Tolliver served in state custody between his arrest and sentencing on the state-law charge.  (*See generally* BOP Response.)  It does not appear to address the time between Mr. Tolliver's transfer to federal custody and his sentencing on the federal charge.  (*See id.*)

ORDER - 3

requires a defendant to bring a motion to correct a sentence "that resulted from arithmetical, technical, or other clear error" within 14 days of entry of judgment. Fed. R. Crim. P. 35(a); (Resp. at 2).

The court GRANTS Mr. Tolliver's motion. When it imposed the sentence, the court intended that the sentence run from July 10, 2020, when Mr. Tolliver first entered federal custody. Rule 35 is not implicated here because there are no arithmetic, technical or other clear errors in the sentence itself—rather, the judgment was simply insufficiently clear that Mr. Tolliver was to receive credit toward his sentence for the time served in federal custody pre-sentencing. Accordingly, the court DIRECTS that an amended judgment shall be entered in accordance with this order.

Dated this 10th day of September, 2021.

JAMES L. ROBART
United States District Judge