UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>      v.<br><br>CHRISTOPHER TOLLIVER,<br><br>                      Defendant. | CASE NO. CR20-0109JLR<br><br>ORDER |

Before the court is Defendant Christopher Tolliver's motion to modify the special conditions of supervised release to remove testing for marijuana/cannabinoid products. (Mot. (Dkt. # 59); Supp. (Dkt. # 66).[1]) Plaintiff the United States of America (the "Government") and United States Probation and Pretrial Services ("Probation") did not

---

[1] Mr. Tolliver submitted a supplemental brief and two letters from his medical providers in accordance with the court's April 10, 2023 order. (*See* 4/10/23 Order (Dkt. # 63) at 2 (ordering Mr. Tolliver to visit a doctor and provide a signed letter addressing why he will benefit from the use of marijuana and why other medications are insufficient to treat and manage his conditions).)

ORDER - 1

respond to Mr. Tolliver's motion.  (*See generally* Dkt.)  The court has considered Mr. Tolliver's submissions, the relevant portions of the record, and applicable law.  Being fully advised, the court GRANTS Mr. Tolliver's motion.

Mr. Tolliver states that he uses medical marijuana to treat his chronic back pain because he "has a long history of drug addiction going back decades" and "does not wish to treat his pain with prescription pain medication that could lead him to addiction or relapse."  (Supp. at 1 (noting that he also uses medical marijuana to help with his major depressive disorder and sleep); *see also id.* at 2 (discussing why Mr. Tolliver is vulnerable to addiction and why he would like to avoid using opiates to treat his pain); Mot. at 2 ("A physician assistant who examined Mr. Tolliver recommended that he try using [cannabis] to help alleviate his chronic pain, anxiety and depression rather than another prescription medication.").)  In support of his motion, Mr. Tolliver submitted a copy of his Washington State Medical Marijuana Authorization and a list of his current medical conditions and medications, as well as two letters from his medical providers regarding his use of medical marijuana.  (*See* Medical Exhibits (Dkt. # 61 (sealed)); Supp., Exs. 1-2 (letters from Kristie Mattern, PAC, and Dian Chase, ARNP).)

A district court has broad discretion to modify conditions of supervised release.  *See United States v. Bainbridge*, 746 F.3d 943, 950-51 (9th Cir. 2014).  18 U.S.C. § 3583(e) provides that the sentencing court "may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] . . . modify, reduce, or enlarge the conditions of supervised release, at any time

prior to the expiration or termination of the term of supervised release . . . ."[2]  18 U.S.C. § 3583(e)(2); *see, e.g.*, 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D) (listing factors such as the nature and circumstances of the offense, the need for deterrence, the need to protect the public, and the need to provide defendant with medical care).

Having considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the court concludes that Mr. Tolliver's conditions of supervised release should be modified to remove testing for marijuana/cannabinoid products.  Mr. Tolliver has performed well on supervision thus far and has both stable employment and residence.  (*See* Mot. at 2; Dkt.)  Additionally, the letters from Mr. Tolliver's medical providers establish that medical marijuana can effectively treat and manage Mr. Tolliver's chronic pain.  (*See* Supp. at 1-2, Exs. 1-2.)  By using medical marijuana to treat and manage his medical conditions, Mr. Tolliver can avoid taking prescription pain medication and the danger of opioid addiction, which is something that he is especially vulnerable to considering his history.  (*See id.*)

For the foregoing reasons, the court GRANTS Mr. Tolliver's motion to modify the special conditions of supervised release to remove testing for marijuana/cannabinoid products (Dkt. # 59).  The court ORDERS that Special Condition 1 of the amended

---

[2] In modifying the conditions of supervised release, the court must also abide by Federal Rule of Criminal Procedure 32.1(c) and 18 U.S.C. § 3583(d).  18 U.S.C. § 3583(e)(2).  Although Rule 32.1(c) generally requires the court to hold a hearing before modifying the conditions of supervised release, a hearing is not required in this case because "the relief sought is favorable to the person and does not extend the term of probation or of supervised release" and "an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so." Fed. R. Crim. P. 32.1(c)(1), (c)(2)(B)-(C); (*see generally* Dkt.).  Additionally, because the court is not being asked to add further conditions of supervised release, the provisions of § 3583(d) are not applicable to the court's analysis.

1  judgment is modified to remove testing for marijuana/cannabinoid products.  (*See* Am.

2  Judgment (Dkt. # 56) at 5.)  All other mandatory, standard, and special conditions remain

3  as set out in the original judgment.

4        Dated this 31st day of May, 2023.

JAMES L. ROBART
United States District Judge